IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00091-PAB-BNB

NICOLE WITTMER,

Plaintiff,

v.

E.I DUPONT,

Defendant.

_____

**ORDER**
_____

This matter is before me the plaintiff's Complaint [Doc. #1, filed 01/13/2014], which is STRICKEN. The plaintiff is directed to tender a proposed amended complaint that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R.Civ.P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network,

Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's Complaint suffers from many deficiencies. The Complaint is not submitted on the court's standard complaint form. An unrepresented party must use the forms established by this court to file an action. D.C.COLO.LCivR 5.1(c).

The Complaint is ten pages in length. Many of the pages are double-sided. All of the pages are typewritten in a small font and single-spaced. The Complaint is not signed by the plaintiff. This is contrary to the Federal Rules of Civil Procedure and the local rules of this court which require that "[t]ext shall be printed on one side of the page only," D.C.COLO.LCivR 10.1(f); "[a]ll documents shall be double spaced," D.C.COLO.LCivR 10(e); "[u]nless otherwise ordered, all typewritten documents shall use black ink and not less than 12 point font," D.C.COLO.LCivR 10(d); and "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed.R.Civ.P. 11(a).

The Complaint painstakingly details the plaintiff's employment experience at DuPont. but it does not clearly identify any claims. Thus, it is necessary to dissect all of the factual allegations to discern any possible claims. In addition, the Complaint contains numerous

superfluous facts and immaterial and impertinent statements, none of which are appropriately included in a complaint.

The Complaint utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiff shall tender a proposed amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The proposed amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The proposed amended complaint shall be signed by the plaintiff, and the text shall be printed on one side of the page only, double spaced, and not less than 12 point font. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim and shall allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced. The proposed amended complaint shall not contain superfluous facts or immaterial and impertinent statements.

IT IS ORDERED:

1. The Complaint [Doc. # 1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8 and 11; and D.C.COLO.LCivR 5.1(c), 10.1(d), (e), and (f);

2. The plaintiff shall have until **February 12, 2014**, to tender a proposed amended complaint that complies with Fed. R. Civ. P. 8 and 11; D.C.COLO.LCivR 5.1(c), 10.1(d), (e), and (f); and this order;

3. The proposed amended complaint shall not contain superfluous facts or immaterial and impertinent statements;

4. The plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed; and

5. The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated January 29, 2014.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge