IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00091-PAB-BNB

NICOLE WITTMER,

Plaintiff,

v.

E.I DUPONT,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following:

(1) **Dupont's Motion to Dismiss Wittmer's First Amended Complaint** [Doc. #16, filed 04/24/2014] (the "First Motion to Dismiss");

(2) **Dupont's Motion to Stay** [Doc. #17, filed 04/24/2014] (the "Motion to Stay");

(3) **Dupont's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)** [Doc. #19, filed 04/24/2014] (the "Motion to Transfer"); and

(4) **Defendant E.J. Dupont's Supplemental Motion to Dismiss** [Doc. #26, filed 07/15/2014] (the "Second Motion to Dismiss").

I respectfully RECOMMEND:

(1) The First Motion to Dismiss [Doc. # 16] be GRANTED;

(2) The Motion to Stay [Doc. # 17] be DENIED AS MOOT;

(3) The Motion to Transfer [Doc. # 19] be DENIED; and

(4) The Second Motion to Dismiss [Doc. # 26] be DENIED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed "Plaintiff's First Amended Complaint" on February 11, 2014 [Doc. #11] (the "Complaint"). The plaintiff alleges that she was hired as an electrical engineer by DuPont Sabine River works in Orange, Texas, on December 10, 2013. *Complaint*, ¶¶ 8, 13. She describes herself as an "SRS[1] female with a perceived disability."

The plaintiff alleges that she did not experience any harassment, discrimination, or retaliation until she "outed" herself as an SRS woman to the DuPont LGBT association on March 1, 2013, and discussed how she was harassed at other DuPont sites. Id. at ¶27.

---

[1]"SRS" stands for sex reassignment surgery.

The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Id. at ¶ 63. The EEOC sent the plaintiff a right to sue notice which she received on September 17, 2013. Id. at ¶ 5. The plaintiff filed her original Complaint in this court on January 13, 2014 [Doc. #1].

The Complaint contains 23 claims for relief. The plaintiff is suing DuPont for discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and "the federal hate crime law," 28 U.S.C. § 994. Id. at p. 1, opening paragraph and ¶ 1. She also asserts a claim for negligent supervision. Id. at ¶ 126. She states that all of "[t]he acts and conduct giving rise to this Complaint were committed within the City and County of Orange in the State of Texas." Id. at ¶ 3. The defendant seeks dismissal of the Complaint on several bases.

### III.  ANALYSIS

#### A.  Personal Jurisdiction

In its Supplemental Motion to dismiss, the defendant argues that under Daimler AG v. Bauman, 134 S. Ct. 746 (2014)[2], the court lacks personal jurisdiction over it. *Second Motion to Dismiss*.

In Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170 (10th Cir. 1992), the Tenth Circuit Court of Appeals stated:

> A defect in the district court's jurisdiction over a party is a personal defense which may be asserted or waived by a party. Objections to personal jurisdiction and service of process must be

---

[2]The issue in Daimler was "whether, consistent with the Due Process Clause of the Fourteenth Amendment, Daimler is amenable to suit in California courts for claims involving only foreign plaintiffs and conduct occurring entirely abroad." Id. at 753.

> asserted in the answer or in a pre-answer motion. If a party files a
> pre-answer motion and fails to assert the defenses of lack of
> personal jurisdiction or insufficiency of service, he waives these
> defenses.

Id. at 174-75 (internal quotations and citations omitted). See also Shell v. American Family Rights Ass'n, Civil Action No. 09-cv-00309-MSK-KMT, 2010 WL 1348548, at *5 (D.Colo. March 31, 2010) (defendant deemed to have waived any objection to personal jurisdiction by not raising it when she filed her first motion to dismiss).

The defendant filed its First Motion to Dismiss on April 24, 2014. The First Motion to Dismiss challenges the plaintiff's claims on the merits; it does not raise a challenge to personal jurisdiction, nor does it indicate any intent to contest personal jurisdiction. The Second Motion to Dismiss was filed several months later and seeks dismissal solely on the basis of lack of personal jurisdiction. The defendant's belated challenge to personal jurisdiction is waived because it was not raised in the First Motion to Dismiss. Accordingly, the Second Motion to Dismiss [Doc. # 26] should be denied.

### B.  The Title VII, ADA, and Rehabilitation Act Claims

The defendant argues that the plaintiff's EEOC claims are barred because she failed to bring this action within 90 days of receiving the right to sue notice from the EEOC. *First Motion to Dismiss*, p. 4.

Title I of the ADA prohibits employment discrimination on the basis of disability. 42 U.S.C. §§ 12111-17. Title I incorporates the powers, remedies, and procedures of Title VII of

the Civil Rights Act of 1964. Id. § 12117.³  The Rehabilitation Act also encompasses Title VII's exhaustion requirement. Woodman v. Runyan, 132 F.3d 1330, 1341 (10th Cir. 1997).

Under Title VII, a plaintiff must file suit within 90 days after receiving a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The time period for filing a civil lawsuit is not jurisdictional; it is in the nature of a statute of limitations that is subject to waiver, estoppel, and equitable tolling. Biester v. Midwest Health Services, Inc. 77 F.3d 1264, 1267 (10th Cir. 1996).

The plaintiff received her right to sue notice on September 17, 2013. She was required to file this lawsuit within 90 days--on or before December 16, 2013. She did not initiate this action until January 13, 2014. Therefore, her claims under Title VII, the ADA, and the Rehabilitation Act are barred by the 90 limitation period.

The plaintiff argues that she filed her initial Complaint within 90 "work days" from the date she received the notice. *Complaint*, ¶ 6. However, the applicable statutes require filing within 90 days of receipt of the notice, not 90 days plus weekends and holidays. Under the Federal Rules of Civil Procedure, when computing a period of time that is stated in days and the controlling statute does not specify a method of computing time, as here, every day is counted including weekends and holidays. Fed.R.Civ.P. 6(a)(1)(B). The plaintiff failed to file this

---

³Section 12117(a) provides:

> The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

lawsuit within 90 days of receiving her right to sue notice.  Therefore, her claims under Title VII, the ADA, and the Rehabilitation Act should be dismissed.

### C.  The "Hate Crimes" Claims

The plaintiff brings claims under "the federal hate crime law 28 U.S.C. § 994." As a preliminary matter, 28 U.S.C. § 994 addresses the duties of the United States Sentencing Commission; it is not "the federal hate crime law." The Hate Crimes Prevention Act is codified at 18 U.S.C. § 249 and authorizes criminal prosecution for acts of violence against individuals on the basis of actual or perceived race, color, religion, national origin, gender, sexual orientation, gender identity, or disability.  The Hate Crimes Prevention Act does not provide a private cause of action.  Perkins v. University of Kansas Medical Center, No. 13-2530-JTM, 2014 WL 1356042 (D.Kan. April 7, 2014).  The plaintiff's "hate crimes" claims should be dismissed.

### D.  Negligent Supervision Claim

Claim Twenty-Two alleges Negligent Supervision.  *Complaint*, p. 11.  The defendant asserts that Texas substantive law applies to this claim and that Texas law preempts the claim.  *First Motion to Dismiss*, p. 7.

A federal court sitting in diversity, as in this case, must apply the choice of law provisions of the forum state where it resides.  Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc., 24 F.3d 125, 128 (10th Cir. 1994).  "In resolving choice of law issues in tort actions, Colorado follows the 'most significant relationship' approach of the Restatement (Second) of Conflict of Laws (1971)."  Hawks v. AGRI Sales, Inc., 60 P.3d 714, 715 (Colo. App. 2001) (citing First National Bank v. Rostek, 514 P.2d 314 (Colo. 1973)).

In applying this test, I must evaluate the following contacts: where the injury occurred; where the injury-causing conduct occurred; the residence, place of incorporation, and place of business of the parties; and where the parties' relationship is centered. Restatement (Second) of Conflict of Laws § 145(2). "Each contact must be evaluated and assigned a relative degree of importance with respect to the particular rule of law at issue." Sabell v. Pacific Intermountain Express Co., 536 P.2d 1160, 1164 (Colo. App. 1975).

The defendant asserts that Texas is the state with the most significant relationship to the alleged tortious conduct because all of the conduct giving rise to the Complaint was committed in Texas, the plaintiff's injury occurred in Texas, and the parties' entire relationship took place in Texas. The plaintiff does not argue otherwise. Therefore, I apply Texas law to Claim Twenty-Two.

The gravamen of the claim is that DuPont should have prevented the plaintiff's supervisor and co-workers from discriminating against her because she is a transgendered individual. The Texas Commission on Human Rights Act ("TCHRA") preempts a common-law negligence claim where the "alleged negligence is rooted in facts inseparable from those underlying the alleged [discrimination]." Waffle House, Inc. v. Williams, 313 S.W.3d 796, 799 (Tex. 2010). "[A]n employer's supervision . . . duties are embedded in the broader TCHRA inquiry, which hinges liability in part on whether the employer takes prompt remedial action to halt the harassment." Id. Consequently, the plaintiff's common-law claim for negligent supervision is pre-empted by the TCHRA, and Claim Twenty-Two should be dismissed.

### E. The Motion to Stay

The defendant requests that the court stay discovery pending a ruling on its motion to dismiss. Because discovery has not commenced and I have recommended dismissal of the Complaint, the Motion to Stay [Doc. # 17] is moot.

### F. The Motion to Transfer

The defendant requests that this action be transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404. Transfer of an action under section 1404 is committed to the discretion of the court. Because I recommend dismissal of the action on the merits, the Motion to Transfer [Doc. # 19] should be denied.

### IV. CONCLUSION

I respectfully RECOMMEND:

(1) The First Motion to Dismiss [Doc. #16] be GRANTED, and the Complaint be DISMISSED in its entirety;

(2) The Motion to Stay [Doc. #17] be DENIED AS MOOT;

(3) The Motion to Transfer [Doc. #19] be DENIED; and

(4) The Second Motion to Dismiss [Doc. #26] be DENIED.[4]

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 17, 2014.

                                      BY THE COURT:

                                      /s/ Boyd N. Boland
                                      United States Magistrate Judge