IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00091-PAB-BNB

NICOLE WITTMER,

    Plaintiff,

v.

DuPONT,

    Defendant.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 36]. The magistrate judge recommends that defendant's Motion to Dismiss Wittmer's First Amended Complaint [Docket No. 16] be granted, defendant's Motion to Stay [Docket No. 17] be denied as moot, defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 19] be denied, and defendant's Supplemental Motion to Dismiss [Docket No. 26] be denied. Docket No. 36 at 8. The Recommendation was issued on November 17, 2014 and, on December 1, 2014, plaintiff filed a letter addressed to the magistrate judge, a filing which the Court construes as a timely filed objection. Docket No. 37.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." *United*

*States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("an objection stating only 'I object' preserves no issue for review"). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiff's pro se status, the Court construes plaintiff's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The background facts have been set forth elsewhere and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 36 at 2-3. Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") and, on September 17, 2013, plaintiff received a right to sue letter from the EEOC. Docket No. 11 at 1, ¶ 5, *id.* at 7, ¶ 63. On January 13, 2014, plaintiff filed the present case. Docket No. 1. Plaintiff brings multiple claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the

Rehabilitation Act of 1973 (the "Rehabilitation Act").[1]  Docket No. 11 at 3-12.  Plaintiff also brings a claim for negligent supervision, *id.* at 11-12, and seeks relief under the "Federal Hate Crime Law," 28 U.S.C. § 994.  *Id.* at 1.

With respect to plaintiff's Title VII, ADA, and Rehabilitation Act claims, the Recommendation concluded that plaintiff failed to file suit within 90 days of receipt of a right to sue notice as required by statute.  Docket No. 36 at 5 (citing 42 U.S.C. § 2000e-5(f)(1)).  The magistrate judge rejected plaintiff's argument that the 90-day period should be calculated based upon "work days," ruling that "when computing a period of time that is stated in days and the controlling statute does not specify a method of computing time, as here, every day is counted including weekends and holidays."  *Id.* (citing Fed. R. Civ. P. 6(a)(1)(B)).

Plaintiff objects to this aspect of the Recommendation, arguing that the 90-day period in which to file suit excludes weekends and holidays.  Docket No. 37 at 1.  In support of her argument, plaintiff attaches a letter from the EEOC, which appears to be a response to a Freedom of Information Act ("FOIA") request made by plaintiff.  Docket No. 37 at 2.  The letter states that "FOIA and EEOC regulations provide 20 working days to issue a determination on a [FOIA] request, not including Saturdays, Sundays and federal holidays."  *Id.*  However, the time period in which a federal agency must respond to a FOIA request is unrelated to the time period in which a plaintiff must file an action after receipt of a right to sue letter from the EEOC.  Upon receipt of a notification

---

[1] For purposes of resolving plaintiff's objection, the Court assumes, without deciding, that the Rehabilitation Act applies to plaintiff's claims.  *See Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002) ("§ 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding, including private organizations").

3

from the EEOC, a plaintiff may file suit "within ninety days after the giving of such notice." 42 U.S.C. § 2000e-5(f)(1); *see also* § 2000e-16(c) (governing Rehabilitation Act claims); *Scott v. Boeing*, 48 F. App'x 730, 731 (10th Cir. 2002) (unpublished) ("Both Title VII and the ADA require a plaintiff to file an action within ninety days of the issuance of a right to sue letter." (citing § 2000e-5(f)(1); § 12117(a))). Because the relevant statutes measure the applicable time period in days and do not specify a method for computing time, Fed. R. Civ. P. 6(a)(1)(B) applies and requires that the 90-day period include "Saturdays, Sundays, and legal holidays." *See also Grzanecki v. Bravo Cucina Italiana*, 408 F. App'x 993, 996 (7th Cir. 2011) (unpublished) (holding that "the Federal Rules of Civil Procedure . . . required the inclusion of weekends and holidays in a 90-day period" in which to file an age discrimination suit); *Gill v. District of Columbia*, 872 F. Supp. 2d 30, 35 (D.D.C. 2012) ("Contrary to the plaintiff's assertions, the 90-day period requires 'count[ing] every day,' including 'intermediate Saturdays, Sundays, and legal holidays.'" (quoting Fed. R. Civ. P. 6(a)(1)(B))). Thus, because plaintiff's original complaint was filed more than 90 days after receipt of a right to sue letter from the EEOC, plaintiff's Title VII, ADA, and Rehabilitation Act claims are untimely. The Court finds no error in this aspect of the Recommendation.

Plaintiff's objection also states that, because plaintiff is a protected class, plaintiff is "afforded strict scrutiny." Docket No. 37 at 1. However, plaintiff's argument is not responsive to the Recommendation and is therefore insufficient to trigger de novo review. The Court has reviewed the remainder of the Recommendation and is satisfied that no clear error exists on the face of the record. *See Thomas*, 474 U.S. at 150.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 36] is **ACCEPTED**. It is further

**ORDERED** that defendant's Motion to Dismiss Wittmer's First Amended Complaint [Docket No. 16] is **GRANTED**. It is further

**ORDERED** that defendant's Motion to Stay [Docket No. 17] and Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 19] are **DENIED** as moot. It is further

**ORDERED** that defendant's Supplemental Motion to Dismiss [Docket No. 26] is **DENIED**. It is further

**ORDERED** that this case is dismissed in its entirety.

DATED December 23, 2014.

          BY THE COURT:

          s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge